IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. CUMMINGS,

Plaintiff,

and

ACUITY, a Mutual Company, and CENTERS FOR MEDICARE AND MEDICAID,

Involuntary plaintiffs,

v.

GURPREET SINGH, RIBS TRANSPORT, INC., and CHUBB INSURANCE COMPANY OF CANADA,

Defendants.

ORDER

26-cv-1079-jdp

---

This case involving a motor vehicle accident was removed from state court. The complaint names two "involuntary plaintiffs": Acuity and Centers for Medicare and Medicaid Services. Plaintiff Michael C. Cummings says that both entities may have subrogation rights based on payments they made for medical expenses or benefits they provided to him. Dkt. 1-2, ¶¶ 14–15.

Cummings moves to dismiss Centers for Medicare and Medicaid as improperly joined. Dkt. 7. That motion is GRANTED because Centers for Medicare and Medicaid has not yet filed an answer or appeared in the case. Centers for Medicare and Medicaid is DISMISSED.

But there is a problem with Acuity too. This is because "there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to force another party to join his lawsuit as an involuntary plaintiff." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018). Involuntary plaintiffs are permitted in state court, but federal rules of procedure apply in federal court, regardless of whether the case began in state court. *See Fid. Nat. Title*

*Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). So if plaintiff wants to include Acuity in the case, it must do one of two things by December 3: (1) file an amended complaint that joins Acuity as a plaintiff and is signed by Acuity's counsel; or (2) file an amended complaint that names Acuity as a defendant. *See Doermer*, 884 F.3d at 646.

If plaintiff chooses option (2), the court will realign Acuity as a plaintiff. "This court has repeatedly held that a subrogated insurer's interests are aligned with the plaintiff's interests because both parties hope to obtain the maximum recovery possible." *Gibson v. Sunbelt Rentals, Inc.*, No. 21-cv-808-jdp, 2022 WL 2713408, at *3 (W.D. Wis. July 13, 2022).

If Cummings does not respond by the deadline, the court will dismiss Acuity from the case as improperly joined.

One final point. Jurisdiction in this case is based on diversity, but it does not appear that Acuity will affect jurisdiction. The notice of removal alleges that Cummings is a citizen of Wisconsin and that all of the defendants are Canadian citizens. Dkt. 1, ¶¶ 6–10. The notice of removal does not identify Acuity's citizenship, contending that Acuity is a nominal party. That is incorrect. Nominal parties are those who have no interest in the litigation, and a party with a subrogation interest does not meet that test. *See Est. of Pickard ex rel. Pickard v. Wisconsin Cent. Ltd.*, 300 F. Supp. 2d 776, 779 (W.D. Wis. 2002). Regardless, Acuity has been identified in numerous cases as a Wisconsin corporation with a principal place of business in Wisconsin. *See, e.g.*, *Acuity v. Marion Glass & Mirror, Inc.*, No. 3:25-CV-00562-NJR, 2026 WL 452405, at

*1 (S.D. Ill. Feb. 18, 2026); *Acuity v. Gonzalez*, No. 14-CV-1330, 2014 WL 7345834, at *1 (E.D. Wis. Dec. 23, 2014). So if Acuity is aligned as a plaintiff, there is still complete diversity.

Entered November 19, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge